# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-602V
Filed: June 26, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ELIZABETH JOHNSON, | \* |
| Petitioner, | \* |
| v. | \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* Attorneys' Fees and Costs;<br>\* Special Processing Unit ("SPU") |
| Respondent. | \* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Gary Krochmal, Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 15, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barre Syndrome and chronic inflammatory demyelinating polyneuropathy following an influenza vaccination on January 16, 2014. On April 10, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 50).

On April 20, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 53). Following a status conference discussing petitioner's Petition for Attorney Fees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and Costs, petitioner submitted an Amended Petition for Attorney Fees and Costs on June 14, 2017.  (ECF No. 58.)  Petitioner requests attorneys' fees in the amount of $29,431.80, and attorneys' costs in the amount of $17,111.88.  *Id.* at 3.[3]  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On April 24, 2017, respondent filed a response to petitioner's motion.  (ECF No. 54).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  Petitioner requests compensation for 70.92 hours for her attorney, Mr. Krochmal, at a rate of $415.00 per hour for time billed from 2014-2017.[4]  (ECF No. 53 at 2.)  Mr. Krochmal has been a member of the State Bar of Michigan and the United States District Court of the Eastern District of Michigan, Southern Division, since 1972.  *Id.*  The undersigned finds no cause to reduce the requested hours.  However, the undersigned notes that the requested rate is towards the high end of this Court's Attorneys' Hourly Rate Fee Schedule for attorneys with more than 31 years of experience.  Under the Court's Fee Schedule, an attorney with over 31 years of experience is entitled to hourly rates between $385-$430 for work performed in 2015 and 2016, [5] and $394-$440 for work performed in 2017.[6]  However, Mr. Krochmal has limited experience with Vaccine Program cases.[7]  Based on Mr. Krochmal's minimal experience in the Vaccine Program, the undersigned finds a rate of $385.00 per hour is appropriate for work performed prior to 2017, and $395 for work performed in 2017.  This amounts to a total of $27,385.20 ($24,185.70 for 62.82 hours billed prior to 2017, and $3,199.50 for 8.1 hours billed in 2017).  This results in a reduction of $2,046.60.

---

[3] Petitioner's attorney requested costs in the amount of $17,028.78, however review of the invoices provided by petitioner indicate the actual costs petitioner is entitled to is $17,111.88.  (See ECF No. 56 at 5-15.)  This includes costs of $1,051.38 for medical records, which petitioner incorrectly listed as $968.28.

[4] Mr. Krochmal also stated that, on occasions when he charges an hourly rate, he customarily charges $375.00 per hour.  (ECF No. 53 at 2.)

[5] The Attorneys' Fee Schedule for 2015-2016 is available at
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

[6] The Attorneys' Fee Schedule for 2017 is available at http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf

[7] Other than the instant case, Mr. Krochmal is counsel of record in three completed Vaccine Cases (Case Nos. 1:08-vv-00289; 1:12-vv-00110; 1:14-vv-00264); and one pending case (Case No. 1:17-vv-00819).

The undersigned also finds that a reduction in petitioner's costs is necessary. In June of 2016, petitioner's life care planner billed a total of 21.3 hours for travel time at a rate of $165.00 per hour for a total of $3,514.50. (ECF No. 56 at 23.) As is the consistent practice in the Vaccine Program, the undersigned reduces the hourly rate for these hours by 50%. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. July 25, 2011) (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *Stone v. HHS*, No. 04-1041V, 2010 WL 3790297, at *8 (Fed. Cl. Sept. 9, 2010) (reducing an expert's hourly rate by 50% for travel time). This results in a reduction of $1,757.25.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 70.92 total hours): | $29,431.80 |
| Less attorney rate reduction: | -$2,046.60 |
| Adjusted total: | $27,385.20 |
| | |
| Requested costs: | +$ 17,111.88 |
| Less 50% rate reduction for 21.3 travel hours: | -$1,757.25 |
| Adjusted total: | $15,354.63 |
| **Total Attorneys' Fees and Costs Awarded:** | **$42,739.83** |

Accordingly, the undersigned awards the total of **$42,739.83**[8] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Gary A. Krochmal.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. HHS,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.